IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | CRIMINAL NO. 14-323-22 |
| | : | |
| <u>KAREEM YORK</u> | : | |

**MEMORANDUM ORDER**

This 20th day of October, 2015, it is **ORDERED** that Defendant York's Motion to Preclude Evidence is **DENIED** as it pertains to evidence of the possession of the firearm, and **DENIED AS MOOT** as it pertains to evidence of the alleged robbery, for the reasons that follow.

**I. Introduction**

Defendant Kareem York filed this Motion *in Limine* to preclude the Government from introducing certain evidence of his prior acts at trial, including: evidence that he possessed a firearm on December 20, 2012, and evidence that he robbed a confidential source on November 16, 2012 while the confidential source was attempting to buy drugs.

**II. Possession of Firearm**

Count One of the Second Superseding Indictment, which alleges York and other Defendants participated in a conspiracy to knowingly and intentionally distribute controlled substances in violation of 21 U.S.C. § 846, lists 259 overt acts committed in furtherance of the alleged conspiracy.  Second Superseding Indictment at 10–41.  Overt Act 6 alleges that "[o]n or about December 20, 2012," Defendants Waali Shepherd and Kareem York possessed three specific firearms, including an Intratec Tec-9 handgun.  Second Superseding Indictment at 12. The Government now indicates that it intends to prove this fact by introducing evidence that

York pleaded guilty to unlawful possession of a firearm.  Government's Mem. in Resp. to Mot. at 1.  While York concedes that he was, in fact, arrested on December 20, 2012 for possessing an Intratec Tec-9 handgun and pleaded guilty to that charge, he nonetheless seeks to preclude introduction of this evidence on several grounds.  Def.'s Mem. in Supp. of Mot. at 1–2.

First, York argues that his possession of a firearm on a specific date is irrelevant to proving the elements of the conspiracy charge and is therefore inadmissible under Federal Rule of Evidence 401.  Def.'s Mem. in Supp. of Mot. at 1–2.  The relevancy of evidence depends on whether "it has any tendency to make a fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  York notes he was not observed "engaged in any illegal drug activity" at the time the firearm was recovered.  Def. Mot. in Limine at ¶ 5.  However, "[i]t has long been recognized that firearms are relevant evidence in the prosecution of drug-related offenses, because guns are tools of the drug trade."  *United States v. Russell*, 134 F.3d 171, 183 (3d Cir. 1998) (citations omitted); *see also United States v. Adams,* 759 F.2d 1099, 1109 (3d Cir. 1985) (evidence of guns seized "had probative value as evidence of the large scale of the conspiracy and the type of protection the conspirators felt they needed to protect their operation.").  Although possession of a firearm on one occasion may not, in itself, be *sufficient* to prove the existence of or participation in a conspiracy, an item of evidence need only add some probative value to the chain of inferences to be relevant; one of the proverbs of the law of evidence is that "[a] brick is not a wall."  Fed. R. Evid. 401 advisory committee's note to 1972 proposed rules (citation omitted).  It might be that the ultimate weight to be given to this evidence depends on the completion of that chain of inferences, but the Government should have the opportunity to present such additional evidence to the jury at trial, with the corresponding burden to link it to the conspiracy charge.

York also argues that this evidence is being offered as "evidence of prior criminal acts which has no purpose except to infer a propensity or disposition to commit crime," and is therefore inadmissible according to Federal Rule of Evidence 404(b). Def.'s Mem. in Supp. of Mot. at 2 (citing *United States v. McGlory*, 968 F.2d 309, 338 (3d Cir. 1992)). Rule 404(b) precludes evidence of a prior criminal act if offered "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Within the Third Circuit, this rule has traditionally been labeled "inclusionary" and "a general rule of admissibility." *See, e.g.*, *United States v. Long,* 574 F.2d 761, 765–66 (3d Cir. 1978); *United States v. Green*, 617 F. 3d 233, 244 (3d Cir. 2010). More recently, two panels in the Third Circuit have described 404(b) as "a rule of general exclusion" which "directs that evidence of prior bad acts be excluded—unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014); *see also United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014). From the perspective of a district court, proper application of the Rule is more important than how it is labeled. Regardless of whether Rule 404(b) is one of "inclusion" or "exclusion," it is clear to me that it is a rule of *precision*, requiring a proponent to articulate a specific, non-prohibited purpose for the evidence, which in practical terms, means a purpose other than propensity. *See United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013).

Before performing a Rule 404(b) analysis, however, I must determine whether the acts in question are "extrinsic" or "intrinsic" to the charged offense. If the proffered evidence relates to acts that do not form the basis for the current prosecution, such acts are considered "extrinsic" to the charged offense, and a Rule 404(b) analysis is required. *Green*, 617 F.3d at 245. However, if the evidence either (1) "directly proves the charged offense," or (2) relates to an act

3

"performed contemporaneously with the charged crime" that "facilitated the commission of the charged crime," then such an act is "intrinsic" to the charged offense, and a Rule 404(b) analysis is unnecessary. *Id.* at 249. *See also Davis*, 726 F.3d at 441 n.5 (citing *Green*, 617 F.3d at 248–49) ("Rule 404(b) excludes only extrinsic evidence. … It does not exclude intrinsic evidence.").

The Government argues that this evidence fits into the first category of intrinsic evidence and goes toward "directly prov[ing] the existence of the charged conspiracy." Government's Mem. in Resp. to Mot. at 3. I agree. The Grand Jury alleged that members of the Rose and Upland Drug Trafficking Group "routinely carried, and sometimes used, loaded firearms" in order to "protect their territory and drug trafficking activities." Second Superseding Indictment, Count One ¶ 27. The Indictment defines that territory as including the 300 block of Rose Street in Chester, Pennsylvania. Second Superseding Indictment, Count One at ¶ 27. York's possession of a firearm within this territory, during the purported time period of the conspiracy, and in the presence of a purported co-conspirator is explicitly alleged in the Indictment to be an overt act in furtherance of the conspiracy. Second Superseding Indictment, Count One, Overt Act 6. The Grand Jury has thus alleged a nexus between York's firearm possession and the instant conspiracy charge, so evidence of this possession goes directly toward proving that charge. *See United States v. Gibbs,* 190 F.3d 188, 218 (1999) (admitting evidence of acts of violence to remove threats to the defendant as direct proof of the charged drug trafficking conspiracy); *United States v. Merritt*, No. 07-550-04, 2013 WL 395458, at *6 (E.D. Pa. Feb. 1, 2013) (admitting evidence of firearm possession as direct proof of a the charged RICO conspiracy); *United States v. Slade*, No. 12-0367, 2013 WL 5873576, at *11 (E.D. Pa. Nov. 1, 2013) (admitting evidence of misuse of credit cards as direct proof of charged conspiracy to obstruct justice). I therefore find that the proffered evidence is intrinsic and therefore not

4

precluded by Rule 404(b).  In the event that the Government attempts to introduce evidence at trial that relates to acts *extrinsic* to any of the offenses with which the Defendant is tried, it will be required to clearly articulate a precise purpose for the evidence that is not prohibited by Rule 404(b).

Finally, York alleges that even if the evidence is relevant and offered for a permissible purpose, it should nevertheless be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice" under Federal Rule of Evidence 403.  York's Memorandum in Support of the Motion *in Limine* offers only a bare recitation of the elements of Rule 403 without specifying what sort of prejudicial effect the evidence may have.  The risk of prejudice is real, as "'evidence of convictions for prior, unrelated crimes may lead a juror to think that since the defendant already has a criminal record, an erroneous conviction would not be quite as serious as would otherwise be the case.' "  *Old Chief v. United States*, 519 U.S. 172, 182 (1997) (quoting 1 J. STRONG, MCCORMICK ON EVIDENCE 780 (4th ed. 1992)).  But this is not a crime "unrelated" to the charged conspiracy.  To the contrary, evidence that York was convicted of possessing a firearm on the date, in the location, and with the person in question, is highly probative of the Government's allegation that York engaged in overt acts in furtherance of the instant conspiracy charge.  "The prejudice against which Rule 403 guards is unfair prejudice—prejudice of the sort which clouds impartial scrutiny . . . The fact that probative evidence helps one side prove its case obviously is not grounds for excluding it under Rule 403." *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009) (citations and quotations omitted).  Damaging evidence is not necessarily excludable evidence.  A Defendant cannot contest facts that are intrinsic to the crime, and then object when the Government seeks to prove them in a compelling way, namely, through evidence that the Defendant himself acknowledged those very

same facts in an unrelated guilty plea.  York could of course dilute the impact of the evidence by offering to stipulate to the facts underlying the conviction.  That is, needless to say, an unpalatable tactical alternative, but Defendant's dilemma is a function of the aphorism that "facts are stubborn things," and York was, according to the plea he entered in the unrelated state court prosecution, in possession of a firearm at the exact place and time alleged by the Government here.  Absent a stipulation, I cannot conclude that exclusion of the plea is required.

### III. Alleged Robbery

The Second Superseding Indictment also alleges that on or about November 16, 2012, York, along with Defendant Erven Towers-Rolon and a juvenile, distributed crack cocaine to a confidential source in exchange for $100.  Second Superseding Indictment, Count I, Overt Act 5; Counts 4 and 5.  The Government indicated its intention to present evidence at trial that York actually robbed the confidential source of the $100 at gunpoint rather than exchanging the money for drugs.  Government's Mem. in Resp. to Mot. at 1.  York has moved to preclude evidence of this alleged robbery.  In its Response to the Motion, the Government offered to refrain from presenting evidence of the alleged robbery, and instead present evidence related to the alleged drug sale . . . as described/charged in Overt Act 4/Count[s] Four and Five." Government's Mem. in Resp. to Mot. at 1.

Based on this representation, I find that York's Motion to Preclude the evidence is moot.  My order, however, is without prejudice to either party to re-assert its argument at trial if the parties do not agree on the admissibility of other evidence to prove Counts One, Four, and Five.

    /s/ Gerald Austin McHugh
United States District Court Judge

6